IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO. 5:19-CR-305-BO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRYAN CRAIG ALLEN | **GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, respectfully opposes the defendant's motion for compassionate release. Barely a month ago, this Court sentenced the defendant to thirty days above the statutory minimum, well below his guidelines range; recommended home confinement; and allowed him to self-report in November. Apparently still unsatisfied, the defendant now moves this Court to let him go on probation, purportedly to avoid COVID-19 and care for his children, but—as his letter reveals—really to let him travel more and care for his children less. His groundless motion should be denied.

## CASE FACTS

The defendant abused his position as a chief warrant officer to steal critical military equipment and sell it for his personal gain. For over a year, the defendant stole dangerous, sensitive items like grenades, smoke bombs, detonation cords, and night-vision goggles using proprietary technology. He forged other officers' names to conceal his crimes. He stole nearly $2 million worth of equipment and pocketed, by his own estimate, $60,000 to $70,000. He risked national security for his greed.

1

The defendant pleaded guilty to theft of government property, 18 U.S.C. § 641, and aggravated identity theft, 18 U.S.C. § 1028A(a)(1). The defendant's guidelines range was 24 to 30 months for theft of government property, plus a consecutive mandatory minimum of two years for aggravated identity theft, for a total guidelines range of 48 to 54 months' imprisonment.

On July 23, 2020, this Court sentenced the defendant to the mandatory minimum of two years for aggravated identity theft and thirty days for theft of government property, well below the guidelines range. Without government objection, this Court recommended home confinement and allowed the defendant to self-report in November 2020.

He currently lives at home with his wife and children and does not have to report for his home confinement for another three months.

## **ARGUMENT**

This Court may modify a defendant's sentence, after the defendant has exhausted his administrative remedies[1] and after considering the 18 U.S.C. § 3553(a) factors, if "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The defendant offers two reasons why he qualifies for compassionate release: COVID exists (D.E. 42 at 10-12), and he purportedly wants to watch his children

---

[1] Before moving for compassionate release under 18 U.S.C. § 3582(c), defendants must exhaust their administrative remedies or at least wait thirty days for a response from their warden. The defendant is not in a BOP facility—and won't be for months. Though the Court cannot excuse Congress's mandated exhaustion requirement, the government will not assert failure to exhaust here.

while his wife teaches (D.E. 48 at 12-13). Neither reason meets the statutory requirements or even the common-sense understanding of extraordinary and compelling reasons. The childcare reason is not even true. And since the defendant is home, will be for months, and could be for the rest of his sentence, the defendant's motion is even more baseless than many. This Court should deny it.

> A. *The Defendant Does Not Qualify Compassionate Release based on the Statute, Common Sense, or His Own Arguments.*

Congress and the Sentencing Commission have identified which reasons are "extraordinary and compelling": (A) a medical condition such as a "terminal illness" or other illness "from which he or she is not expected to recover"; (B) advanced age; (C) the "death or incapacitation" of the defendant's children's caregiver or spouse; (D) or another "extraordinary and compelling reason" that the Bureau of Prison (BOP) has recognized. USSG §1B.13 app. n.1.

Because release under § 3582(c) is "a narrow exception to the rule of finality," defendants who do not meet the criteria in the statute *and* the Sentencing Guidelines policy statement fall "outside the scope of the proceeding authorized by" the statute. *Dillon v. United States*, 560 U.S. 817, 828, 831 (2010). Those policy statements are ***not*** advisory under *United States v. Booker*, 543 U.S. 220 (2005). *Id.* at 828-30. Congress made them part of the statutory text, and, under binding Supreme Court precedent, the defendant must clear those hurdles to obtain release. *Id.* at 831. If the defendant does not meet the statutory criteria for release, then the district court lacks jurisdiction over his motion. *Id.*; *accord United States v. Goodwyn*, 596 F.3d 233, 235-36 (4th Cir. 2010).

3

The defendant does not meet any of the statutory criteria, as he basically admits. (*See* D.E. 48 at 9-14). He is young and healthy, as is his spouse. (D.E. 46-1; D.E. 48 at 10). The "mere existence of COVID-19 in society . . . cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). If this defendant—who has zero health conditions and indeed met the U.S. Army's stringent physical criteria—needs to be released due to COVID-19, then every federal defendant must be released.

The defendant argues that he qualifies for compassionate release because of the "incapacitation of [the] primary caregiver of defendant's children," USSG 1B.13 app. n.1(C)(i), because his wife has to work. (D.E. 48 at 12-13). He acknowledges that his "family circumstances do not correspond directly to the family circumstances that the sentencing Commission has recognized as extraordinary and compelling." (D.E. 48 at 12-13). That is an understatement. That provision applies when the children's caregiver has died or is incapacitated, which his wife's declaration makes clear is certainly not the case here. (D.E. 46-1 ¶¶ 5-6).

In fact, the insinuation that the defendant's wife lacks other childcare is patently untrue. The defendant's own letter admits that he wants to take a *traveling* sales job or a job in a restaurant. (D.E. 46-3). His wife similarly attests that she wants the defendant to work because "having an additional source of income is important to help meet the needs of her children." (D.E. 46-1 ¶ 2). Set aside, for the moment, that her husband stole taxpayer dollars that hardworking Americans paid out of their honest income. The defendant's wife plainly does not need—or even want—her

4

husband to provide full-time childcare if she and he envision him working and even traveling outside the home. She wants him to make more money for their family.

The defendant's motion is especially groundless because the defendant is at home and will be for months. At this point, this Court cannot even give compassionate *release*. Assuming this Court's recommendation for home confinement is followed, that will remain true throughout his sentence.

In fact, the defendant's motion, ironically, would defeat his own justifications for release. The defendant is really asking that this Court convert home confinement to probation, which would give him greater freedom to travel and move. (*See* D.E. 48 at 20). Indeed, his letter and his wife's affidavit make clear that the key benefit would be to let the defendant work outside the home, possibly at a traveling job. (D.E. 46-1, ¶¶ 5-6; D.E. 46-3). That would *increase* his and others' exposure to COVID-19 (including the probation officers who have to supervise him) and *reduce* his availability to care for his children.

> B. *The § 3553(a) Factors Do Not Support Release, Especially Given the Exceptionally Lenient Sentence the Defendant Has Already Received.*

The defendant received almost the lowest possible sentence this Court could impose. This Court sentenced him to thirty days above the mandatory minimum, which he willingly pleaded guilty to and accepted. That sentence was way below the guidelines range. This Court went further: it let the defendant self-report in November, leaving him home with his family during the interim. And it recommended home confinement, letting the defendant possibly stay home throughout his sentence.

5

The defendant's crime was terribly serious. He risked national security and basic public safety for his greed. Yet rather be grateful for this Court's mercy, he now moves—*months before he even possibly could set foot in BOP*—for this Court to remove the very minimal penalty he faces. His justifications are patently untrue: he cannot be concerned about COVID-19 or childcare if he wants to become a traveling salesman. His wife's affidavit reveals his true aim: to make more money. Given that he was convicted of stealing from the military for his personal greed, that argument merely shows that, so far, he has learned nothing from his sentence. He is still putting his selfishness ahead of others' safety and deserves no further leniency.

\* \* \*

Congress broadened compassionate release to help BOP prisoners who are terminally ill or whose children are essentially orphaned. *This* defendant is robustly healthy, his spouse is healthy and able to care for their children, and he actually wants to travel *more* and help *less* with his children so that he can make more money. His motion fails the statutory criteria, the ordinary meaning of "extraordinary and compelling," and its own logic. It should be denied.

## CONCLUSION

For the foregoing reasons, this Court should deny the defendant's motion for compassionate release.

Respectfully submitted this 24th day of August, 2020.

ROBERT J. HIGDON, JR.
United States Attorney

/s/ Erin C. Blondel
Assistant United States Attorney
Criminal Division
U.S. Attorney's Office, EDNC
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
erin.blondel@usdoj.gov
Telephone: 919-856-4004
Fax: 919-856-4487
NC Bar No. 46977

## CERTIFICATE OF SERVICE

This certifies that a copy of this motion has, this 24th day of August, 2020, been served upon the defendant by CM/ECF as follows:

Kelly Margolis Dagger
Ellis & Winters LLP
P.O. Box 33550
Raleigh, NC 27636

/s/ Erin C. Blondel
Assistant United States Attorney
Criminal Division
U.S. Attorney's Office, EDNC
150 Fayetteville Street, Suite 2100
Raleigh, North Carolina 27601
erin.blondel@usdoj.gov
Telephone: 919-856-4004
Fax: 919-856-4487
NC Bar No. 46977